**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-08662 JAK (ASx) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Veronica Bruno v. Wells Fargo Bank N.A., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER REMANDING CASE TO SUPERIOR COURT JS-6

Veronica Bruno ("Plaintiff") brought this action in the Los Angeles County Superior Court, and named Wells Fargo Bank, N.A. as the defendant ("Defendant"). Plaintiff advanced the following causes of action: (i) age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"); (ii) failure to prevent age discrimination in violation of FEHA; and (iii) wrongful termination in violation of public policy. Dkt. 1. Defendant removed this action on the claimed basis of diversity jurisdiction. *Id.*

On February 6, 2014, the Court issued an Order to Show Cause re Subject Matter Jurisdiction (the "OSC"). There, each party was instructed to submit a memorandum with respect to whether the Court has diversity jurisdiction over this action. Dkt. 15. Plaintiff and Defendant each submitted a memorandum. Dkt. 16, 17. On February 20, 2014, the Court instructed Plaintiff to file a response to Defendant's memorandum. Dkt. 20. Specifically, the Court instructed Plaintiff to "address whether the amount in controversy is met in this case pursuant to 28 U.S.C. 1332." *Id.* Plaintiff filed her response. Dkt. 22.

As noted in the OSC, this Court must determine the issue of subject matter jurisdiction before reaching the merits of a case. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Defendant claims that the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Dkt. 1 at 1. Diversity jurisdiction exists where a civil action is between citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Although Defendant contends in its Notice of Removal that "the matter in controversy exceeds $75,000," Plaintiffs' complaint does not specify the amount of monetary relief that is being sought. *Id.* The complaint seeks attorneys' fees in addition to general, special, punitive and exemplary damages and "loss of earnings" in an amount "according to proof." Dkt. 1 at 13. For this reason, whether the amount in controversy exceeds $75,000 cannot be determined from the face of the complaint.

"Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold. Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In support of its contention that the jurisdictional minimum has been met, the removing party may rely on the "facts presented in the removal petition as well as any summary-judgment type evidence relevant to the amount in controversy at the time of removal. Conclusory allegations as to the amount in controversy are insufficient." *Id.* at 1090-91 (internal quotations omitted). Defendant contends, and Plaintiff does not

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV13-08662 JAK (ASx) | Date | March 6, 2014 |
|---|---|---|---|
| Title | Veronica Bruno v. Wells Fargo Bank N.A., et al. | | |

dispute, that the amount Plaintiff might recover as a result of lost wages and bonuses amounts to less than $15,000. *See* Dkt. 17 at 5 ("[Plaintiff's] lost wages and bonuses were approximately $14,738, for which she seeks recovery in this case"); Dkt. 22 at 2 ("Defendant admits Plaintiff's lost wages and bonuses were less than $15,000 at the time of removal").

With respect to the remaining amount in controversy, Defendant attaches news summaries about jury verdicts from seven age discrimination cases litigated in California between March 2004 and November 2013. Defendant's counsel states in his declaration that "[c]ollectively, these jury verdicts demonstrate the amount in controversy in the instant case, exclusive of interests and costs, exceeds the jurisdiction minimum of $75,000." Dkt. 19. Courts have concluded that defendants "can meet [their] burden by offering facts supporting the amount in controversy exceeds the jurisdictional minimum, [citation], or producing evidence of jury verdicts for damages awarded in cases with analogous facts." *Vasquez v. Arvato*, 2011 WL 2560261, *3 (C.D. Cal. 2011). However, jury verdicts cannot establish that it is more likely than not that the amount in controversy exceeds $75,000 unless the actions are sufficiently parallel. Moreover, that showing, as well as the amount of any award, can only be shown through admissible evidence.

Here, the complaint alleges that "Plaintiff is over forty and was the oldest employee at the Wells Fargo Branch ("Branch") in which she worked for approximately 27 years." Dkt. 1 at 10. The complaint also alleges that "Plaintiff was disciplined and eventually terminated for pretextual reasons because her supervisors believed she had become too old for the Branch." Dkt. 1 at 10. There is no admissible evidence proffered by Defendant to show that the present case presents issues that parallel those in the seven cases identified by Defendant. Thus, Defendant has only submitted summaries about these cases from a news source. But, this is at best hearsay as to what occurred in those cases, or the basis for the claims that each concerned. Thus, Defendant has not presented authenticated copies of the complaints or other pleadings in those cases. Nor has it presented any admissible evidence as to the amounts recovered. As such, there is no admissible evidence from which a comparison of those cases to the present one can be made.

Further, even if the information submitted were admissible, it would not meet the Defendant's burden of proof as to the amount in controversy. Thus, the summaries provided simply do not provide sufficient detail to permit a meaningful comparison of this action to any of the seven matters that are summarized. Nor does Defendant attempt to draw such parallels in its response to the Court's OSC. Aside from the proffered jury verdicts, Defendant provides no further evidence or argument to support its contention that at least $75,000 is in controversy in this action.

For these reasons, Defendant has not shown by a preponderance of the evidence that this Court has jurisdiction over this matter. Therefore, it is REMANDED to the Los Angeles County Superior Court at the Stanley Mosk Courthouse, Department 28, for all further proceedings under case number BC 524935.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak